JOHN GEHLING, PLAINTIFF IN ERROR, v. JOHN HINTON, THOMAS BROWN AND ROBERT CLEGG, DEFENDANTS IN ERROR.

Fraud: EVIDENCE. The sole question in the case being, whether G. was induced by the fraud of H. to give up the original note of H., B. & Co., *held*, that the admission of certain testimony, stated at length in the opinion, was error.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

The plaintiff in his petition avers:

1. That defendants were partners, as Hinton, Brown & Co.

2. That on Sept. 20, 1877, they were indebted to plaintiff in the sum of $478, and as such firm gave plaintiff a note therefor, due in fifteen months, (Dec. 1, 1878).

3. That on Dec. 20, 1878, plaintiff was paid part of interest accrued, leaving a balance on said note of $500.

4. That defendants falsely and fraudulently represented to the plaintiff that defendant Hinton had three

good promissory notes of one Beaman, payable to Hinton, dated Sept. 7, 1878, each for $200 and interest, payable in two, three, and four years, secured by a mortgage on eighty acres of land.

5. That defendants, for the purpose of inducing plaintiff to give up and release said firm note, falsely and fraudulently represented to plaintiff that said mortgage was a good and valid security, that the title to the land was good, and that if plaintiff would give up said firm note to Hinton, and take Hinton's note for $500, dated Dec. 30, 1878, due in one year, with the Beaman notes and mortgage as collateral, the plaintiff would be more amply secured than with the firm note.'

6. Plaintiff had no knowledge of Beaman, the title to the lands, or validity of the mortgage, but relying upon and believing said representations, and induced thereby, and for no other consideration gave up said firm note, and took Hinton's note with the Beaman notes and mortgage as collateral.

7. That Hinton and Beaman were then and still are insolvent, and said mortgage security then was, and still is entirely worthless.

8. That Beaman never had color of title, except that Hinton once had a pretended tax title, and conveyed the land to Fulton and Slocum as assignees; that afterwards he conveyed the same land to Beaman by a pretended conveyance, which was void. That the Beaman mortgage based thereon was also void; all of which was well known to defendants; and that

9. Defendants fraudulently concealed such facts from plaintiff. That plaintiff, relying upon and believing such representations, was induced to make such exchange as solicited by defendants.

10. Plaintiff tenders back the Hinton and Beaman notes and the mortgage.

11. Avers that no part of any of said notes was paid.

12. That the pretended release and surrender of said firm note was obtained by said fraud and fraudulent representations.

Defendants denied allegations of petition, averred that firm was dissolved May 1, 1878, that plaintiff knew of dissolution, etc., that he agreed to accept Hinton's note, etc.

Clegg filed separate answer averring that firm of Hinton, Brown & Co. was dissolved May, 1878; that he then accounted with other members of said firm, and that Hinton and Brown being indebted to him, assumed obligation to pay all outstanding debts; and he to secure his debt from them, took a chattel mortgage on a large amount of personal property which had belonged to said firm; that he retained said lien until after the settlement of all debts of firm; that after such dissolution, and while his lien was in force, plaintiff spoke to him, and he informed plaintiff that he had nothing to do with the same, and that plaintiff must look to Hinton and Brown for his pay, if any; and that without fraud on his part, settled with H. and B., and took notes of H. and B., with such security as was satisfactory to plaintiff, and then and there released him; and that he relying thereon, permitted H. & B. to dispose of said mortgaged property, and thereby lost his security; that he never knew, until about commencement of suit, that plaintiff had claim against him, and alleges that plaintiff is estopped to claim payment from him. Judgment below for defendants.

*Burr & Kelly,* for plaintiff in error.

*Frank Martin,* for defendants in error.

COBB, J.

The sole question involved in this case is whether Gehling was induced by the fraud of Hinton, or of any or all of the defendants to give up the original note of Hinton, Brown & Co., or not. If he was, then upon the return, or

offer to return of the Beaman notes and mortgage, and possibly without such return, he could recover against the late firm. The firm had the benefit of Gehling's labor, for which he has received nothing, and no settlement, or substitution of other securities, or the individual obligation of one of the partners, can be set up successfully against his claim, if the same is shown to have been brought about by the misrepresentations or fraud of all or any of those who now seek to avail themselves of such arrangement. This being the case, it is then quite apparent that much irrelevant testimony was received by the court, and presumably considered by it, in reaching the findings and judgment in the case.

Of this character is the testimony of defendant Clegg, as to the conditions of the dissolution, and as to what became of the securities taken by him as indemnity against having to pay any portion of the partnership debts. So also of the testimony of defendant Hinton, as to the financial responsibility of E. S. Towle. Neither this testimony, nor any answers to the questions objected to could throw any possible light upon the character of the representations and inducements, by means of which Hinton obtained the possession of the firm note. The tender of the quit claim deed from Fulton and Slocumb, assignees of Hinton and Litchte, was inadmissible on many grounds, and the deed tendered was no conveyance in form.

From a careful examination of the record, we think that the learned court, which tried the cause below, was mistaken in the true character of the question submitted for its decision, and believing that injustice has been done in the case, the finding and judgment of the district court are reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.